**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Nos. CR-23-483-HE** |
| | ) | |
| **MICHAEL ANTHONY WILSON II,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## DEFENDANT MICHAEL ANTHONY WILSON II'S SENTENCING MEMORANDUM

### I. INTRODUCTION

On February 7, 2024, Mr. Wilson pled guilty and took responsibility for his crime – felon in possession of a firearm, in violation of Title 18 U.S.C. §922(g)(1). Based upon a total offense level of 36 and a criminal history category of IV, the U.S. Probation Office calculated Mr. Wilson's advisory guideline range at 262 – 327 months, as set forth in the Presentence Investigation Report (hereinafter PSR). However, the statutorily maximum sentence of 15 years is less than the minimum of the guideline range; therefore, the guideline term of imprisonment is 180 months. This memorandum is offered to the Court as background and mitigation of his offenses to reach a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing enumerated in 18 U.S.C. §3553(a).

## II.    STATUTORY SENTENCING ISSUES

### The § 3553(a) Factors

### a.  The nature and circumstance of the offense and the history and personal characteristics of the defendant – 18 U.S.C. § 3553(a)(1)

#### 1.  The nature and circumstances of the offense – Defendant's role[1]

On October 14, 2023, Mr. Wilson was arrested on related state charges in Oklahoma County District Court for his criminal conduct the day before.

#### 2.  Mr. Wilson's history and personal characteristics[2]

Mr. Wilson understands that it is his own actions that have resulted in the serious situation in which he now finds himself.  He admits that possessing the gun was wrong and that he is sorry.  He is also sorry for his criminal conduct surrounding this case.  We submit this memorandum as background to explain why he is standing here today facing federal prison time at this stage in his life.  To properly answer this question, this Court may consider multiple factors including Mr. Wilson's hindered cognitive development due to residential instability in his teenage years, coupled with significant mental health issues that were exacerbated by witnessing the killings of several friends through the years, leading to a burgeoning substance abuse addictions to combat these demons.

Mr. Wilson's parents divorced when he was at a young and impressionable age. He lived with his mother, but as her work-load increased, problems began to arise.  His mother did the best she could, but ultimately, he was bounced around between her home

---

[1] The PSR adequately details the nature and circumstances of the offense.
[2] Mr. Wilson's personal history is adequately covered in the PSR.

and his grandmother's home.  Other than an absentee father, Mr. Wilson did not have an age appropriate, responsible male-figure in his life.

Over the next few years as a teenager, Mr. Wilson continued to experience the instability of being bounced around between homes, or ending up on the streets with little supervision or structure, resulting in early substance abuse and criminal history starting at the age of 15.

Instability during an individual's childhood can also contribute to issues in adulthood.  Specifically, children who have experienced residential instability demonstrate worse academic and social outcomes than their residentially stable peers, including problem behaviors and higher dropout rates.   Sandsrom and Huerta*, The Negative Effects of Instability on Child Development:  A research Synthesis,* Urban Institute, Low Income Working, Discussion paper 3, p. 6 (September 2013).  Citing numerous other studies, the Urban Institute goes on to explain that chaotic home environments can cause toxic stress for children that can "overstimulate their stress response systems and be detrimental to their developing cognitive abilities[,]" resulting in (among other things) poor attention skills, learning problems, conduct problems, and lower IQ. *Id.* At 29.  A similar study also indicated that "[i]ncreased housing instability in adolescence predicted significant elevations in rates of depression, arrest and smoking regularly."  Fowler, Henry, and Marcal, *Family and housing instability: Longitudinal impact on adolescent emotional and behavioral well being*, Soc. Sci. Res. 2015 Sep,; 53: 364-374.

These studies are not excuses, but certainly shed some light on why Mr. Wilson is in the significant trouble that he is, and how these events played a major role in Mr. Wilson's deepening problems in adulthood, with documented mental health issues along with substance abuse addictions and then with the law.

**b. Promoting respect for the law, and to provide just punishment for the offense – 18 U.S.C. § 3553(a)(2)(A)**

Mr. Wilson fully understands that he has not respected the law on many occasions throughout his life. That said, Mr. Wilson has already received significant punishment prior to today. Since October 14, 2023, Mr. Wilson has been locked-up in the notoriously awful deadly Oklahoma County jail. By the time he will be sentenced, he will have served more than nine months in this county jail. Mr. Wilson has been in primary state custody since October 14, 2023. On December 18, 2023 he appeared on a "one-day" writ for his federal arraignment, but the state has maintained primary custody of him. Therefore, he will not receive credit for time served federally due to him remaining in primary state custody throughout these proceedings. He understands that his conduct was incredibly serious and warrants punishment, and accepts that he will be punished both federally and by the state.

**c. The need to afford adequate deterrence to criminal conduct – 18 U.S.C. § 3553(a)(2)(B)**

Mr. Wilson recognizes that he needs to be held accountable and punished for his actions in this case. Mr. Wilson is 40 years old and faces a significant amount of incarceration time both here, and what awaits him in state court. Adequate deterrence,

both generally and specifically, will be achieved in not only this case, but with his

ongoing state prosecution due to the significant and serious charges that await.

### d. The need for the sentence to protect the public from further crimes of the defendant – 18 U.S.C. § 3553(a)(2)(C)

Mr. Wilson acknowledges the seriousness of his offense. He recognizes and

accepts that punishment is forthcoming. Furthermore, the pending Oklahoma County

case – CF-2023-4708 – that he will have to answer to, *after* whatever federal sentence he

receives in the instant case. The reality is, Mr. Wilson is going to be incarcerated for a

significant period of time which will protect the public from further crimes.

### e. Providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner – 18 U.S.C. § 3553(a)(2)(D)

Mr. Wilson has relayed that he would like substance abuse treatment, mental

health treatment and the opportunity to learn a new labor skill if possible. With the

anticipated amount of incarceration in his future, these statutory directives can be

achieved.

### f. The kind of sentences available – 18 U.S.C. § 3553(a)(3)(4)

By statute, count 1 of the indictment – Felon in Possession of a Firearm carries a

maximum term of imprisonment of 15 years and/or a fine of up to $250,000. 18 U.S.C.

§922(g)(1) and 18 U.S.C. §924(a)(8). The Probation Office concluded that the

Defendant's total offense level is 36 with a criminal history category of IV and a

guideline imprisonment range of 262 - 327 months. However, the statutorily authorized

maximum sentence of 15 years is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 180 months.

And, as the Probation Officer has correctly stated, Mr. Wilson has a pending case in Oklahoma County District Court, CF-2023-4708, and the case is related to the instant offense. Pursuant to USSG §5G1.3(c), if a state term of prison is anticipated[3] to result from another offense that is relevant conduct to the instant offense of conviction, the sentence for the instant offense *shall* be imposed to run concurrently to the anticipated term of imprisonment.

### g. Pertinent Policy statements – 18 U.S.C. § 3553(a)(5)

Title 18 United States Code, §3661, provides "*no limitation* shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (emphasis added). This statutory language overrides the advisory policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* USSG §5H1.

### h. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct – 18 U.S.C. § 3553(a)(6)

---

[3] Counsel has been informed by Mr. Wilson's state appointed counsel, that Oklahoma County is ***not*** dismissing their case against Mr. Wilson regardless of the sentence he receives in federal court, and they will continue their prosecution upon the conclusion of this case.

The need to avoid unwarranted sentencing disparities does not appear to be at issue in this case.

### i.  The need to provide restitution to any victims of the offense – 18 U.S.C. § 3553(a)(7)

Restitution is not at issue in this case.

## III.  CONCLUSION

As Mr. Wilson has sat in the Oklahoma County jail for the last nine months, he truly recognizes the seriousness of his offense and the need for punishment.  Mr. Wilson accepts responsibility for his actions.  Considering the nature and circumstance of the offense and Mr. Wilson's history and characteristics, the sentence he receives will be sufficient but not greater than necessary to meet the objectives of sentencing in this case and serves the ends of justice.

Respectfully submitted,

*s/ Jay D. Husbands*

_____
JAY D. HUSBANDS, OBA #21710
Husbands Law Firm
620 N. Robinson Ave., Suite 203
Oklahoma City, OK 73102
Telephone:  (405) 239 2726
jh@husbandslawfirm.com
ATTORNEY FOR DEFENDANT
MICHAEL ANTHONY WILSON II

**<u>CERTIFICATE OF SERVICE</u>**

 This is to certify that on this 10th day of July, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Jacquelyn M. Hutzell & Drew E. Davis, Assistant United States Attorneys

*s/ Jay D. Husbands*
_____
JAY D. HUSBANDS